UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **LOUIS DELPIDIO,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NICHOLAS J. FIORILLO,**<br><br>**Defendant.** | ) | **Civil Action No. 26-13935-DJC** |

**MEMORANDUM AND ORDER**

**CASPER, C.J.** **September 8, 2026**

For the reasons stated below, the emergency omnibus motion, D. 2, and application to proceed in District Court without prepaying fees or costs, D. 3, are DENIED and the *pro se* notice of removal is remanded to the Barnstable Superior Court.

## I. Background

Defendant Nicholas J. Fiorillo ("Fiorillo"), proceeding *pro se*, seeks to remove a pending civil action, identified as 2372CV00230, from the Barnstable Superior Court to this Court.[1] D. 1 at 1. Fiorillo also filed an emergency omnibus motion,[2] D. 2, and an application to proceed in District

[1] The Court takes judicial notice of Louis Delpidio Trustee of Lewis Bay Beach House Trust, et al. v. Fiorillo, et al., No. 2372-CV-00230 (Mass. Super. Ct.). It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990). The Court, therefore, takes judicial notice of the pending Superior Court case.

[2] The full title of this motion is "DEFENDANT NICHOLAS J. FIORILLO'S EMERGENCY OMNIBUS MOTION REFUSE MAGISTRATE JURISDICTION, FORMAL OBJECTION TO MAGISTRATE ASSIGNMENT, DEMAND FOR IMMEDIATE STRUCTURAL AND PROTECTIVE STAY OF ANY PRETEXTUAL SNAP REMAND PENDING APPEALS, AND SPECIFIC REQUEST FOR AN EN BANC PANEL EVIDENTIARY HEARING ON THE MERITS TO PREVENT WEAPONIZED 'SNAP REMOVAL' OF CIVIL RIGHTS REMOVAL." D. 2.

Court without prepaying fees or costs (also known as a motion for leave to proceed *in forma pauperis*). D. 3.

Fiorillo states that he "is a proper party entitled to remove this action and is a National Whistleblower." D. 1 at 2. He alleges that he "is a functional defendant within the meaning of 28 U.S.C. § 1441(a)." Id. In addition to § 1441(a), Fiorillo seeks removal under 28 U.S.C. § 1443(1) stating that "Removing Parties have been ordered to appear before compromised state judges on multiple separate occasions, have filed and argued multiple verified emergency motions that the Court has maliciously suppressed, and are the direct targets of a coordinated weaponized lawfare campaign that subjects them personally (and their companies) to coercive, unconstitutional sanctions..." Id.

The Court's records indicate that Fiorillo improperly removed more than a dozen cases from state court to this federal court. See Raymond C. Green, Inc. Tr. of Raymond C. Green Tr. v. Delpedio, No. 23-cv-10732-NMG, D. 16 at 2 n.1 (D. Mass. July 5, 2023) (listing twelve, prior improper removals, all of which resulted in remand orders), aff'd, No. 23-1583 (1st Cir. July 18, 2023). Fiorello was sanctioned and subjected to a prefiling injunction based on the egregiousness of his conduct. Id. at 6-7 (finding no objectively reasonable basis for removal of same case for second time and that Mr. Fiorillo has engaged in vexatious or abusive litigation conduct by improper removals). The Court ordered that to proceed in any civil action or removed action, Fiorillo "must pay in full the $6,150.09 Section 1447(c) award [and the unpaid filing fee], unless such condition is excused upon showing of good cause, by a judicial officer." Id. at 7 (emphasis in original).

As to the instant action, Fiorillo sought to remove this same case from state court in June 2023 and August 2023. See Notice of Removal, D. 1, Louis Delpidio, as trustee of the Lewis Bay Beach House Tr., the 116 Baxter Road Beach House Tr. and the 63 TN Beach House Tr. v. Nicholas Fiorillo and Ocean Vacations, LLC, C.A. No. 23-11473-LTS (D. Mass. filed June 30, 2023); Notice of Removal, D. 1, Louis Delpidio, as trustee of the Lewis Bay Beach House Tr., the 116 Baxter Road Beach House Tr. and the 63 TN Beach House Tr. v. Nicholas Fiorillo and Ocean Vacations, LLC, C.A. No. 23-11811-RGS (D. Mass. filed Aug. 7, 2023).

In the June 2023 action, Fiorillo was advised that his notice of removal failed to comply with all of the prerequisites to removal and that there was no basis for the federal court to exercise subject matter jurisdiction. Order, D. 6, No. 23-cv-11473-LTS (D. Mass. July 6, 2023) at 1-2. Specifically, the Court stated that because Fiorillo was proceeding *pro se*, he "may not represent the defendant entity (Ocean Vacations, LLC) nor may he sign a pleading on its behalf, and nothing establishes that this entity joined or consented to removal." Id. at 2. The Court allowed the motion for remand and the Clerk was ordered to "immediately return this case to state court." Id.

After again seeking to remove the same action from Barnstable Superior Court, a removal action was remanded for Fiorillo's failure to comply with the July 5, 2023 Order entered in Raymond C. Green, Inc. Tr. of Raymond C. Green Tr. v. Delpedio, C.A. No. 23-10732-NMG. See Electronic Order, D. 5, Louis Delpidio, as trustee of the Lewis Bay Beach House Tr., the 116 Baxter Road Beach House Tr. and the 63 TN Beach House Tr. v. Nicholas Fiorillo and Ocean Vacations, LLC, C.A. No. 23-11811-RGS (D. Mass. Aug. 10, 2023). The Court "admonished [Fiorillo stating that] his failure to comply with court orders may result in other and further sanctions." Id. Here, the same sanction is now applicable to Fiorillo in that he must pay in full

the $6,150.09 Section 1447(c) award and the unpaid filing fee unless such condition is excused upon showing of good cause.

## II. Discussion

Fiorillo relies upon 28 U.S.C. § 1441(a)[3] and 28 U.S.C. § 1443(1)[4] as providing authority for the removal of the pending action in Barnstable Superior Court to this Court. As to Section 1441(a), it has already been determined in No. 23-cv-114730-LTS, D. 6 at 1-2, that the Court had no federal question jurisdiction or diversity jurisdiction. In addition, Fiorillo was previously advised that he may not represent Ocean Vacations LLC and nothing establishes that this entity joined or consented to removal. Id. at 2.

As to Section 1443(1), Fiorillo has not shown that he faces circumstances in the Barnstable Superior Court that would warrant the removal of this pending civil action to this federal court. He makes conclusory statements and does not plausibly allege facts to support a claim that he is unable to enforce his civil rights in the state court proceedings.

Finally, and most importantly, Fiorillo failed to comply with the portion of the July 5, 2023 Memorandum and Order issued in No. 23-cv-10732-NMG, D. 16 at 6-7, that requires him to pay the Section 1447(c) award and filing fee prior to filing this notice of removal. Although Fiorillo filed an application to proceed in District Court without prepaying fees or costs, see D. 3, he has not demonstrated good cause why he should be excused from making such payments.

Although the court construes the pleadings of a *pro* se litigant like Fiorillo liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13

---

[3] Section 1441(a) provides that civil actions that could have been brought originally in federal court may be removed from state court. 28 U.S.C. § 1441(a).

[4] Section 1443(1) provides that civil actions or criminal prosecutions against a person who is denied or cannot enforce equal civil rights may be removed. 28 U.S.C. § 1443(1).

(1st Cir. 2004), after examination of the notice of removal and Fiorillo's litigation history, an order remanding this case to the state court is warranted.

## III. Conclusion

For the foregoing reasons, the court denies the pending motions, D. 2-3. The Clerk shall issue a separate Order of Dismissal and a separate Order of Remand returning this action to the Barnstable Superior Court.

**SO ORDERED.**

/s Denise J. Casper
Denise J. Casper
Chief United States District Judge